**In re: Richard Clinton ESTERSON, Debtor.**

**Bankruptcy No. 92–4759–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 5, 1993.

William G. Whitcomb, Ft. Myers, FL, for debtor.

Diane L. Jensen, Ft. Myers, FL, trustee.

Pavese, Garner, et al., Ft. Myers, FL, for movant.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS CLAIMED BY DEBTOR

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case and the matter under consideration is an Objection to the Debtor's Claim Exemption filed by the Trustee. The facts relevant to the case as established by the record and set forth at the duly noticed hearing are without dispute, and can be summarized as follows:

Harry R. Esterson, the father of Richard Clinton Esterson (Debtor) died and left a Last Will and Testament (Will). In Item Three the Will provides in pertinent part:

"I direct that the trust estate be delivered to Richard E. Jonas as Testamentary Trustee, to be held, invested and used by him in his sole discretion for the use and benefit of both my son Richard C. Esterson and his daughter, Antoinette E. Esterson. It is my primary intent to provide by this trust for the college education of Antoinette E. Esterson leading, I hope, to a professional degree in teaching ... To the extent that she does not need help from the trust for that purpose, I direct the trustee to distribute annually all of the net income of the trust to my son Richard C. Esterson, together with such portions of principal as the Trustee, in his sole discretion shall deem necessary for his support."

On April 9, 1992 the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor listed on his Schedule of Assets an interest in a "spendthrift trust," and claimed the interest set forth in the Will as "exempt property" (sic). The Trustee filed a timely Objection to the Debtor's claim of the trust as exempt property. The Debtor filed a Response to the Objection seeking a determination by this Court that the provision in the Will is a spendthrift trust. Although the matter is framed as an objection to claim of exemption, the issue before the Court has nothing to do with the Debtor's right to exemption but is in actuality, a proceeding to determine whether or not the Debtor's interest in the Will is property of the estate pursuant to § 541 of the Bankruptcy Code.

Section 541 of the Bankruptcy Code provides in pertinent part as follows:

§ 541. Property of the estate

(a) The commencement of a case under Section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whom held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

It should be noted at the outset that the daughter, Antoinette Esterson, is not a debtor in this case, and therefore, this Court is satisfied that her interest in the Will is not property of the estate. This leaves for consideration the Debtor's interest in the Will.

Section 541(c)(2) is commonly referred to as the "spendthrift provision." In construing this provision, courts have generally taken the position that if the beneficiary has any current right to reach the corpus of the trust, the trust will not be recognized as an exception to § 541 and the debtor's interest in the trust would be considered property of the estate. Where the provision restricts the transfer of a beneficial interest of the debtor, Section 541 ex-

cludes the assets as property of the estate. *In re Colvin,* 81 B.R. 679 (Bankr.M.D.Fla. 1988).

■ The characterization of the trust as a spendthrift trust must be made with reference to local law, in this case, Florida law. Florida law recognizes and enforces as valid, spendthrift trusts that are created for the maintenance of another and at the same time secures the corpus against the beneficiary's improvidence or incapacity for self-protection. *Preston v. City National Bank,* 294 So.2d 11 (3d DCA Fla.1974). A trust which gives total discretion to the trustee as to the time, amount, or manner of distribution to beneficiaries of the trust is equally recognized as valid. *Philp v. Trainor,* 100 So.2d 181 (2d DCA Fla.1958).

■ In the present case, Item Three of the Will contains a restriction of the transfer of a beneficial interest. In addition, since the Debtor is not the settlor of the trust, and has no control over the disposition of the trust, this Court is satisfied that the trust qualifies as a spendthrift trust. Based on the foregoing, the income from the Will is not property of the estate, and thus not subject to administration by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Exemptions claimed by the Debtor as it relates to a spendthrift trust is overruled, and the Debtor's claim of exemptions is allowed. The funds specified in the Last Will and Testament of Harry R. Esterson are not subject to administration by the Trustee.

DONE AND ORDERED.